UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Rex A. Cartrette,

    Plaintiff,

vs.                                                      Case No. 3:10-cv-277-J-25MCR

T & J Transport, Inc., a foreign corporation;
Jones Boys Trucking, Inc., a foreign
corporation; and William Tommy Jones,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant, T&J Transport, Inc.'s Amended Motion for Physical Examinations of Plaintiff (Doc. 33) filed February 11, 2011. Plaintiff filed a response in opposition to this Motion on February 11, 2011. (Doc. 34). Accordingly, the matter is ripe for judicial review.

In this case, Plaintiff is suing Defendants for damages resulting from a collision occurring on February 8, 2007. (Doc. 1). As a result of this collision, Plaintiff alleges he has suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition." (Doc. 1, ¶12).

In the instant Motion, Defendant, T&J Transport, Inc. ("T&J") asks the Court for an Order compelling Plaintiff to appear for three physical examinations.[1] According to the Motion, Plaintiff agrees to the examinations, however, objects to several of the forms being utilized by the doctors conducting the examinations. Specifically, Plaintiff objects to the forms requesting information regarding Plaintiff's medical history. Plaintiff sees this as "nothing more than an attempt by the Defendant to obtain written discovery from the Plaintiff, outside the written discovery that has been conducted in this case." (Doc. 34, p.3). The Court directed Plaintiff to file a response, with citations to legal authority supporting his position. While Plaintiff did file a response citing several Florida cases, none of the cases cited by Plaintiff support his position that he should not be required to provide the examiners with his medical history.

Rule 35(a)(1) and (2) of the Federal Rules of Civil Procedure provides:

> The court where the action is pending may order a party whose mental or physical condition [] is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner . . .
>
> The order may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

---

[1] Although the Motion seeks an Order regarding three examinations, it appears Plaintiff has already submitted to the examination by Mr. Patrick. Accordingly, this Order shall only address the two remaining examinations.

Rule 35(a)(1) and (2), Fed.R.Civ.P.  As Plaintiff has agreed to the examinations, he has implicitly conceded the existence of good cause for the examinations.  The Court agrees in light of the nature of injuries alleged and the damages sought by Plaintiff.

Therefore, the only issue for the Court to determine is whether the examiners may inquire into Plaintiff's medical history while conducting their examinations.  The Court has located several cases in which other courts rejected the same arguments presented by Plaintiff and held that an examining doctor was entitled to inquire into a plaintiff's medical history.  For example, in Lerer v. Ferno-Washington, Inc., No. 06-81031, 2007 WL 3513189, at *2 (S.D. Fla. Nov. 14, 2007), the plaintiffs asked that the doctors administering Rule 35 examinations not be allowed to ask about a plaintiff's medical history.  In denying this request, the court observed, "[d]uring Rule 35, Fed.R.Civ.P., examinations, courts often allow Rule 35 examinations to include 'routine procedures,' which would generally include a review of medical history." Lerer, 2007 WL 3513189, at *2 (quoting Trenary v. Busch Entertainment Corp., No. 8:05-cv-1630, 2006 WL 333362, *4 (M.D. Fla. Nov. 16, 2006) (ordering examinations to proceed according to "routine procedures"); and citing Morton v. Haskell Company, No. 94-976-CIV-J-20, 1995 WL 819182, *4 (M.D.Fla., Sept.12, 1995) (same)).  The Lerer court also noted that many other courts have found "a review of medical history assists the doctor in his or her evaluation." Lerer, 2007 WL 3513189, at *2 (citing Romano v. II Morrow, Inc., 173 F.R.D. 271, 273 (D. Or. 1997) (holding that review of medical history during an examination assisted doctor's medical conclusions); Hernstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 626 (D. Kan. 1999) (holding restriction of questions during

examination "unduly restricts physician's ability to reach medical conclusions")). Therefore, courts typically refrain from "'limit[ing] the manner in which an examination is conducted or the questions asked absent good cause for a protective order.'" Lerer, 2007 WL 3513189, at *2 (quoting Henry v. City of Tallahassee, No. 4:99-cv-482, 2000 WL 33310900, *2 (N.D. Fla., Dec. 6, 2000)).  As the party seeking a limitation of a Rule 35 examination, Plaintiff has the burden of showing good cause.  Lerer, 2007 WL 3513189, at *2 (citing Stoner v. New York City Ballet Co., 2002 WL 31875404, *6 (S.D. N.Y., Dec. 24, 2002) (holding plaintiff failed to meet burden to limit a psychiatrist's questions during Rule 35 examination)).

In the instant case, Plaintiff has not met his burden of establishing good cause to prohibit the examiners from asking him about his medical history.  Plaintiff has made no showing that the examiners will "improperly conduct the examination as an advocate for Defendant, attempt to ask Plaintiff questions not pertinent to the examination, or otherwise turn the examination into a de facto deposition." Calderon v. Reederei Claus-Peter Offen GMBH & Co., 258 F.R.D. 523, 528 (S.D. Fla. 2009) (court denied plaintiff's request to preclude examining physician from inquiring into his medical history as plaintiff had not carried burden of showing good cause); Tarte v. United States, 249 F.R.D. 856, 860 (S.D. Fla. 2008) (denying plaintiff's request to prevent doctor from taking plaintiff's medical history).  Therefore, the Court will deny Plaintiff's request to prevent the examining doctors from inquiring into Plaintiff's medical history.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant, T&J Transport, Inc.'s Amended Motion for Physical Examinations of Plaintiff (Doc. 33) is **GRANTED**.

2. Plaintiff shall submit to a medical examination by Dr. Chaim Rogozinski, M.D., at the Rogozinski Orthopedic Clinic, 3716 University Blvd. South, Suite 3, Jacksonville, Florida 32216 on **February 16, 2011 at 1:30 p.m.** or at a time mutually agreeable to the parties. Plaintiff shall fill out the forms provided by Dr. Rogozinski or be prepared to provide Dr. Rogozinski with information regarding his medical history during the examination.

3. Plaintiff shall submit to a Functional Capacity Evaluation by Adam V. Rainwater at the offices of Just Fitness, 8206 Philips Highway, Suite 1, Jacksonville, Florida 32256 on **February 18, 2011 at 10:00 a.m.** or at a time mutually agreeable to the parties. Plaintiff shall fill out the forms provided by Mr. Rainwater or be prepared to provide Mr. Rainwater with information regarding his medical history during the evaluation.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __14th__ day of February, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record