UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Rex A. Cartrette,

    Plaintiff,

vs.                                            Case No.  3:10-cv-277-J-25MCR

T & J Transport, Inc., a foreign corporation;
Jones Boys Trucking, Inc., a foreign
corporation; and William Tommy Jones,

    Defendants.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' four Motions to Determine Reasonable Deposition Fee (Docs. 36, 37, 39, and 40).  Plaintiff filed a response in opposition to these motions (Doc. 45) on February 28, 2011.  Thereafter, the Court directed either Plaintiff or the doctors to file additional information regarding the fees sought.  (Doc. 46).  Three of the doctors did so on March 8, 2011 (Doc. 48) and the Court provided Defendants with an opportunity to respond, which they did, on March 10, 2011.  (Doc. 50).  Accordingly, the matter is now ripe for judicial review.

In their four motions, Defendants ask the Court to determine a reasonable deposition fee for four of Plaintiff's treating physicians.  According to Defendants, the physicians are seeking fees which are "grossly excessive, and inappropriate." (Doc. 36, p.2).  For example, Dr. Stephen Augustine, D.O., is seeking $1,500.00 per hour for his deposition (Doc. 36); Dr. Sunday Ero, M.D., seeks $1,500.00 per hour (Doc. 37); Dr.

-1-

Howard Weiss, D.O., seeks $600.00 per hour (Doc. 39); and Dr. Claudio Vincenty, M.D., seeks $1,500.00 per hour (Doc. 40). Defendants ask the Court to limit the fees to $250.00 or "certainly no more than $500.00" per hour. (Doc. 36, p.4; Doc. 37, p.4; Doc. 39, p.4; and Doc. 40, p.4).

Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Rule 26(b)(4)(E), Fed.R.Civ.P. "The determination of a reasonable fee in this context 'is within the discretion of the district court.'" Coley v. Wal-Mart Stores East, LP, No. 3:06-cv-619-J-20HTS, 2008 WL 879294, at *1 (M.D. Fla. Mar. 28, 2008) (quoting Putnal v. Guardian Life Ins. Co. of America, No. 5:04-CV-130-4, 2005 WL 3532381, at *2 (M.D. Ga. Dec. 22, 2005)). In exercising this discretion, the Court considers several factors:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight ... sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Id. (quoting Putnal, 2005 WL 3532381, at *2) (internal quotation marks omitted)). Additionally, the Court may consider the cost of living in the particular geographic area. Fraser v. AOL LLC, No. 3:06-cv-954-J-20TEM, 2008 WL 312670, at *1 (M.D. Fla. Feb. 4, 2008). Finally, in cases where the testimony is from a treating physician (as opposed

to a specially retained expert), the Court should also consider the fact that, "'[w]hen knowledge gained [through the doctor-patient] relationship bears on an issue in controversy, the treating physician assumes the obligation born by all citizens to give relevant testimony.'" Fraser, 2008 WL 312670, at *1 (quoting Pierce v. Nelson, 509 N.W.2d 471, 474 (IA 1993)).

Here, Drs. Ero and Augustine provided a joint letter in which they stated the fee they seek, $1,500.00 per hour, "meets industry standards for this geographic area." (Doc. 48, Ex. A). Further, the letter states: "[a]s an expert witness in the field of Orthopaedic Surgery, the fee established for this service is not only reasonable for the time spent away from patient care, our extensive training, and in providing a venue for these legal meetings, it is justified and commensurate with expert fees in our region." Id. As Defendants note, this letter fails to provide the Court with any information regarding any of the above-listed factors, other than the doctors' opinions that their fees are reasonable. Furthermore, the letter appears to indicate that the doctors are not considering the fact that they both treated Plaintiff and their "obligation [] to give relevant testimony." Fraser, 2008 WL 312670, at *1.

Dr. Vincenty also provided a letter in which he provided his monthly charges for the month of February. (Doc. 48, Ex. B). According to the letter, Dr. Vincenty charged $311,877.69 for 117.25 hours of work, which calculates out to $2,659.93 per hour. Id. Again, there is no information regarding any of the factors listed above. Defendants note that while Dr. Vincenty may **charge** $2,659.93 per hour, he has failed to provide information showing he actually **collects** that much. (Doc. 50).

Finally, Dr. Weiss has not provided any information to the Court. Plaintiff noted, however, that Dr. Weiss agreed to accept $500 per hour with one hour pre-paid.

Having carefully considered the parties' arguments and the evidence presented by the doctors, and having weighed such in the context of the relevant factors outlined above, the Court is persuaded the fees sought by these treating physicians should be reduced. As mentioned above, the doctors have not provided sufficient information to establish the reasonableness of the fees sought. The Court does not have curricula vitae for the doctors and although the Court is certain they are all highly trained physicians who are respected in the community, they have not convinced the Court that a fee of $1,500.00 per hour is warranted for the testimony to be provided in their capacities as treating physicians. Additionally, considering the fact that each of these doctors is Plaintiff's treating physician, the Court is further persuaded that the "obligation born by all citizens to give relevant testimony" dictates they do so at a rate less than they may charge for expert testimony in cases where they have no treating relationship. Accordingly, the Court finds a fee of $400 per hour to be reasonable. See Fraser, 2008 WL 312670, at *3 (Court finds a fee of $350.00 per hour for treating opthamologist reasonable); and Coley, 2008 WL 879294, at *2 (Court finds fee of $500 per hour reasonable for treating orthopedic surgeon).[1]

Accordingly, after due consideration, it is

---

[1] The Court notes that in both Fraser and Conley, the court was provided with at least a CV for the doctors. In this case, the Court has no information regarding the doctors' areas of expertise or their education and training. Therefore, the undersigned believes a fee of $400 per hour is reasonable for all of the doctors.

**ORDERED**:

Defendants' four Motions to Determine Reasonable Deposition Fee (Docs. 36, 37, 39, and 40) are **GRANTED** to the extent it is determined a reasonable fee for the testimony at issue would be $400.00 per hour, with any time spent after the first hour being paid at the rate of $100.00 for every fifteen minutes or portion thereof.  To the extent deposition preparation is actually undertaken by the doctors, they are each to be compensated for up to half an hour of preparation time at the rate of $100.00 for every fifteen minutes.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of March, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record