UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Rex A. Cartrette,

    Plaintiff,

vs.                                                     Case No. 3:10-cv-277-J-25MCR

T & J Transport, Inc., a foreign corporation;
Jones Boys Trucking, Inc., a foreign
corporation; and William Tommy Jones,

    Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant T&J Transport Inc.'s Motion to Compel (Doc. 65) filed May 25, 2011.

## I.    BACKGROUND

This cause arises out of a motor vehicle accident occurring on February 8, 2007. (Doc. 1). In April 2011, Defendant served Plaintiff with Interrogatories and Requests to Produce. (Doc. 65-A). In May 2011, Plaintiff served answers to Defendant's discovery requests, objecting to a number of said requests. (Doc. 65-B). Specifically, Plaintiff objected to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, and 9 and Requests to Produce Nos. 1, subparts (a)-(e), 2, 3, and 5. (Id.). On May 25, 2011, Defendant filed a Motion seeking an Order compelling responses to said discovery requests.[1] (Doc. 65). On June 7,

---

[1] The Court notes that the only legal authority cited by Defendant in support of its Motion is a Florida case applying Florida law. See Morgan, Colling & Gilbert, P.A. v. Pope, 798 So. 2d 1 (Fla. 2nd DCA 2001). Therefore, Plaintiff's memorandum of law provided this Court with no binding legal
(continued...)

-1-

2011, Plaintiff filed his response in opposition to Defendant's Motion. (Doc. 69). Accordingly, this matter is now ripe for judicial determination.

## II. ANALYSIS

### A. Standard for Motion to Compel

Motions to compel discovery brought pursuant to Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Assocs. v. Allied Am. Adjusting Co. of Fla., LLC, 2007 U.S. Dist. LEXIS 52633, 2007 WL 2010860, *1 (M.D. Fla. 2007). Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Rules 33 and 34 of the Federal Rules of Civil Procedure allows any party to serve on any other party interrogatories and requests for production of documents which concern matters within the scope of Federal Rule of Civil Procedure 26(b). Under

---

[1](...continued)
authority as to the appropriateness of its request. In any event, the Court will consider the discovery requests at issue.

Rule 26(b), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974).

### B. Defendant's Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, and 9 and Requests to Produce Nos. 1, subparts (a)-(e), 2, 3, and 5.

Defendant's Interrogatory Nos. 2-5 request information identifying files in which Plaintiff's experts were retained as experts or treating physicians in previous cases. (Doc. 65-A). Defendant's Interrogatory Nos. 6-9 request information identifying files which "other associates" of Plaintiff's treating physicians and expert witnesses examined patients for Plaintiff's counsel. (Id.). Defendant's Requests to Produce seek documentation concerning the cases where Plaintiff's counsel and/or his law firm had retained the listed experts in the last three years, and the amount of money Plaintiff's counsel and/or his law firm had paid to the listed experts during the past the three years. (Id.).

Plaintiff contends that although Defendant requests are directed toward Plaintiff, they actually seeks information about unrelated cases which Plaintiff himself has no knowledge. The Court agrees that Plaintiff's counsel and the witnesses identified in the discovery requests are the only persons who are privy to the information requested.

However, neither Plaintiff's counsel, his law firm, nor the witnesses are parties to the instant lawsuit, and the plain language of the Rules does not permit this form of discovery requests to non-parties. See Fed. R. Civ. P. 33, 34; University of Texas at Austin v. Vratil, 96 F.3d 1337,1340 (10th Cir. 1996) ("[I]nterrogatories may only be directed to a party to an action").  Therefore, Defendant's discovery requests are improper.

Plaintiff further argues that the requested discovery is improper because it would create an undue burden. See Fed. R. Civ. P. 26(c)(1).  Specifically, the requests would require Plaintiff's counsel "to sift through more than 3,800 cubic feet of stored files. Those 3,800 cubic feet of files contain approximately 2,800 redwells full of records." (Doc. 69, p. 7).  As Defendant provided no legal argument to the contrary, the Court finds the burdens inherent in preparing responses to the Defendant's discovery requests - particularly the significant amounts of time, money, and effort necessary to compile the responses - are excessive in relation to the relevancy of the requested information.

### III.   CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Compel (Doc. 65) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of June, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party